**MATAUTIA LAIFA, TAAVILI, NAONO, Plaintiffs**

v.

**MATAUTIA TAUTUNU, Defendant**

No. 5-1910

High Court of American Samoa

Civil Jurisdiction, Trial Division

["Matai" name: "Matau" or "Matautia"]

May 14, 1910

---

B. R. PATRICK, Chaplain, U.S.N., *Senior Member;* J. L. DWYER, *Associate Member*

DECISION

The name "Matautia" of the village of Afono, Eastern

District, is the subject of dispute in this case. It has been called "Matau" and "Matautia" by both parties, and the decision of the Court will apply to both names.

In March of this year Matautia Fifita departed from this life and left a last will and testament naming his son Tautunu as his successor. This will was witnessed and agreed to by Laupola, Sua and Ieremia, members of his family.

The complainants filed a complaint objecting to the will and to the successor named, alleging among other things that they were not consulted regarding the naming of the successor and affirmatively naming one Laifa as their candidate for the name, claiming that they controlled the name and succession.

It was deemed wise by the Court, in view of the numerous transactions regarding the name which have occurred in recent times, to exclude ancient traditions far beyond the memory of any living witness, especially as both parties named one common ancestor, Matautia Atamu, as the source of their respective claims.

Matautia Atamu was personally known to some of the older witnesses and it appears that he had no direct descendants—his only child having died at a tender age. A chief from Savaii, one Palipali, came to Tutuila during Atamu's time to execute some artistic work in the way of tattooing and also, according to defendant's evidence, to visit his relatives of the Matautia family in Afono. At all events Palipali was proclaimed as a long lost relative and was given the name Matautia—Atamu retiring in his favor.

Notwithstanding complainants' contention at this time that Palipali was a stranger to the family, the Court is inclined to believe Atamu's proclamation and defendant's evidence that Palipali was a descendant of the name from the male or stronger side.

During the time of Matautia Palipali a war or near-war occurred between the people of the Eastern District and the people of the Western District and for some reason—given by defendant as Palipali's loyalty to the de-facto government—he took up arms on the Western side.

Leiato, a warlike Eastern District chief, seems to have taken the question of the naming of "Matautia" into his own hands upon this defection by Palipali and he named a "Matautia" of the family of complainants although both parties admit that Leiato had no right whatsoever to the name. The action taken by Leiato seemed to have no effect and Palipali returned to Afono and continued to hold the name "Matautia". After Palipali's death the name was conferred upon his nephew, the late Matautia Fifita.

Upon the death of the "Matautia" named by Leiato no attempt was made by complainants to name a successor, and Fifita continued to hold the name until his death.

The law regarding succession to titles in Samoa as laid down by this Court in the case of *Lata v. Taatai* regarding the name "Gaoteote" (1904) recognizes the right of the holder of that title to nominate, and the right of the family to confirm, the title of the successor. We follow that decision in this case with the additional principle that the holder of a title on his deathbed has a presumptive right to nominate his successor, subject to his family's confirmation, and the burden of proof is upon the party seeking to prove that his title to the name ceases wholly with his death.

In this case, complainants' principal contention was that both Palipali and the late Fifita were strangers to the name. The Court cannot find in accordance with this contention and is forced to the conclusion that Matautia Tautunu is the rightful holder of the name, and Laifa is debarred from holding the name "Matautia".

Complainants' contention that neither Palipali nor Fifita had any controlling voice in the selection of their successor appears absurd and is passed over without further comment.

Costs are assessed at $80.00, equally divided between both parties.